WILSON VS SMITH.

Opinion delivered October 27, 1905.

(89 S. W. Rep. 1009).

1.  *Forcible Entry and Detainer—Writ of Possession—Alias Writ.*

Under Section 3351 of Mansfield's Digest (Ind. Ter. Ann. St. 1899 Sec. 2285) in relation to forcible entry and detainer where writ of possession is provided for, may be had at any time during the pendency of the action upon complaint as provided for and until such conditions are complied with the issuance of such writ is nugatory and of no effect.

2.  *Complaint—Verification.*

Complaint as provided in Section 5055 of Mansfield's Digest (Ind. Ter. Ann. St. 1899 Sec. 3260) applies to forcible entry and detainer and must necessarily be verified.

3.  *Affidavit—Sufficiency.*

Before writ of possession can be issued there must be filed with the clerk an affidavit of plaintiff "or some creditable person for him stating that plaintiff is lawfully entitled to possession of the premises

mentioned in the complaint and that defendant forcibly entered upon and detains the same or unlawfully detains the same after lawful demand therefor made." Where the affidavit was made on the 27th day of February, 1901, and suit began April 4, 1901, *Held;* That the statute requires as affidavit of right in plaintiff at the term of the beginning of the suit, and plaintiff having failed to file such an affidavit, the Clerk was without authority to issue writ of possession.

4. *Same—Damages.*

Under Section 3362 of Mansfield's Digest (Ind. Ter. Ann. St. 1899, Sec. 2296) where defendant gave the required bond to retain possession; *Held;* That defendant is liable to plaintiff for such damages as he has sustained by being kept out of possession.


Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, April 17, 1903.

Action in unlawful detainer by M. J. Smith against R. M. Wilson. From a judgment in favor of plaintiff, defendant appeals. On rehearing. Affirmed. Former opinion with drawn.

Since rendering decision in the above-entitled cause, rehearing therein has been ordered, and appellees by writ of certiorari allowed to supply the record, and there has been certified under this writ to this court by L. C. Andrews, one of the appellee's attorneys, an affidavit to the original complaint, filed April 4, 1901; also an affidavit of J. T. Blanton to said complaint, filed February 25, 1902; and also an application for alias writ of possession, filed February 25, 1902. From this correction of the record it becomes necessary for this court to decide whether, under the statute, where a writ of possession has issued in an action of forcible detainer, which has been returned unserved because the plaintiff has failed to give the

bond to entitle him to possession, thereafter, upon application of plaintiff, he can have an alias writ issue for possession of the premises. To satisfactorily decide this question a minute examination of the record becomes necessary. From the record it appears that on April 4, 1901, appellee as plaintiff, began suit in unlawful detainer against appellant, by filing in the office of the clerk of court an unverified complaint, and at the same time filed an affidavit, of date February 27, 1901, as follows:

"I, L. C. Andrews, do solemnly swear that the plaintiff, M. J. Smith, is lawfully entitled to the premises described in the above and foregoing complaint, and that defendant, R. M. Wilson, unlawfully detains the same after demand in writing therefor. L. C. Andrews.

"Sworn and subscribed to before me this 27th day of February, 1901. R. A. Howard, Notary Public. (Seal)."

Summons and writ of possession issued hereon on the same day. Summons was served on April 5, 1901, personally. Plaintiff failed to give bond, and defendant (appellant) retained possession of the premises. On February 25, 1902, J. T. Blanton, one of attorneys, made verification to the original complaint as follows, after caption:

"J. T. Blanton says that he is one of the attorneys for the plaintiff in the above cause, and that plaintiff is not present to make the affidavit; that the plaintiff is the owner of the premises described in the complaint in the above action, and is lawfully entitled to the immediate possession of said premises; and that the defendant unlawfully detains the same after lawful demand in writing made upon him for the surrender of the same. J. T. Blanton.

"Subscribed and sworn to before me this —— day of February, 1902. Yerker E. Taylor, Notary Public. (Seal)."

On the same day, February 25, 1902, appellee, as plaintiff, filed the following unverified application in the case: "Now comes the plaintiff, and would respectfully represent to the court that, owing to the extreme short time intervening between the filing of this suit and the return day of the writ as issued herein at the time of the institution of this suit, he was unable to make and execute a bond as required by law as a condition precedent to the execution of the writ of possession by the marshal of this court, and that the marshal executed the writ by serving the same personally on the defendant, but did not execute the writ of possession for the reasons above set out. Wherefore the plaintiff prays for an alias writ of possession herein." Without action of the court thereon, the clerk of court issued a second writ of possession on said last date, which was served by the United States marshal, as follows: "United States of America, Indian Territory, Southern District. I received this writ of possession at Ada, I. T., this the 28th day of February, A. D. 1902, and the plaintiff herein having made bond, as provided by law, in the sum of $1,000.00, with F. C. Lanham, of Center, I. T., and Billy Keel, of Roff, I. T., as sureties, which bond is herewith approved and returned, I summoned the following defendant by copy: R. M. Wilson, at 3 m. W. of Midland, I. T., this the 13th day of March, 1902; and the defendant herein expressed a desire to retain possession of the within described premises, and I gave the said defendant ten days within which to make bond, as required by law, in a sum equal to that named in the plaintiff's bond and conditioned as provided by law. And this 22d day of March, A. D. 1902, the defendant herein made a bond in the sum of $1,000.00, with F. Z. Holly, of Ada, I. T., and J. C. Johnson, of Center, I. T., as sureties, which bond is herewith

approved and returned. Witness my hand this 22d day of March, 1902."

On April 2, 1902, appellant (defendant) filed in open court demurrer to original complaint, which on said day was overruled by the court, defendant excepting. On April 16, 1903, appellee (plaintiff) filed first amended complaint, which was attempted to be verified on said date, as follows:

"I, J. C. Smith, do solemnly swear that the statements set forth in the foregoing complaint are true as I verily believe. J. C. Smith.

"Subscribed and sworn to before me this 16th day of April, 1903. W. M. Wade, Notary Public. (No seal)."

And again attempted on said date as follows:

"I, P. G. Lanham, do solemnly swear that the facts set forth in the above complaint are true. P. G. Lanham.

"Sworn and subscribed to before me this 16th day of April, 1903. P. L. Barrett, Notary Public. (No seal.)"

On April 16, 1903, appellant (defendant) filed motion to quash alias writ of possession, as follows: "Comes now the defendant and moves the court to quash the alias writ of possession and summons in this cause: (1) For the reason that the original summons and writ issued in said cause were in all respects in conformity to the law, and that there were no irregularities either in the issuing or in the service. (2) That there is no rule of law which authorizes the plaintiff to issue an alias summons or writ of possession where the original has been properly issued and served. (3) Because that in this

cause plaintiff would not be entitled to an alias and the filing of a bond after a summons had already been issued by him in the ordinary forms of practice"—which motion was overruled by the court, defendant excepting.

On said April 16, 1903, appellant (defendant) filed a motion to dismiss cause of action, as follows: "Comes now the defendant and moves the court to dismiss this action: (1) Because the original complaint was not sworn to as required by law. (2) The amendment to the original is required by law to be sworn to, and at a former term of this court this question was ruled upon by the court, and an order orally announced by the court directing and requiring the plaintiff to properly verify the same and upon the failure of the plaintiff to do so the said complaint should be dismissed. (3) Because this order has never been complied with"—which motion was overruled by the court, defendant excepting; and on said last date the court made and entered the following order: "It is ordered by the court that plaintiff be, and is hereby, allowed to verify complaint and affidavit, to which defendant duly excepts."

Thereafter on April 16, 1903, defendant filed answer and a motion for continuance, which last was overruled by the court, defendant excepting, and the cause tried to jury. Verdict for plaintiff for possession of premises and damages in the sum of $128.75 and costs. Motion for new trial was duly filed, heard, and overruled, defendant excepting; and judgment on verdict for plaintiff.

*J. E. Grigsby*, for appellant.

*Blanton & Andrews*, for appellee.

GILL, J. (after stating the facts). Under section 3351 of Mansfield's Digest (Ind Ter. Ann. St. 1899, § 2285) we hold that the writ of possession provided for therein may be had at any time during the pendency of the action upon compliance with the conditions provided for in said section, and until such conditions are complied with the issuance of such writ by the clerk is nugatory and of no effect. We also hold that under said section and section 5055 of Mansfield's Digest (Ind. Ter. Ann.St. 1899, § 3260) the complaint in the action must necessarily be verified. Before the writ can issue there must be filed with the clerk an affidavit of plaintiff "or some creditable person for him stating that plaintiff is lawfully entitled to possession of the premises mentioned in the complaint and that the defendant forcibly entered upon and detains the same or unlawfully detains the same after lawful demand therefor made." Was such an affidavit filed in this case, either at the commencement of the suit or during its pendency? An affidavit by L. C. Andrews, made February 27, 1901, which was filed in a suit begun April 4, 1901, served as a basis for issuance of the first writ of possession. The language of the statute is in the present tense. Many things might intervene between February 27, 1901, and April 4, 1901, to change plaintiff's right of possession, and we must hold that the statute requires an affidavit of right in plaintiff at the time of beginning suit, and, plaintiff having failed to file such an affidavit, the clerk was without authority to issue the first writ of possession.

But did plaintiff thereafter comply with the statute and acquire the right to the second writ of possession? The record discloses that the second writ of possession issued on February 25, 1902. Therefore, as disclosed in the corrected record, J. T. Blanton, a credible person and an attorney for plaintiff, filed a sufficient affidavit in the case to obtain the writ from the

clerk of court. The second writ issued, plaintiff gave the re:
quired bond to the United States marshal, defendant gave the
retaining bond, and under section 3362 of Mansfield's Digest
(Ind. Ter. Ann.St. 1899, § 2296) was thereafter liable to plaintiff
for such damage as the jury trying the main case should find
due plaintiff.

Under the corrected record the court must modify its
former decision and affirm the judgment of the lower court.

CLAYTON, J., concurs. RAYMOND, C., J., not par-
ticipating.